IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JODIE MITCHELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| DELEK US HOLDINGS, INC., DELEK | § | |
| LOGISTICS PARTNERS, LP, and | § | |
| ETHAN ALEXANDER, individually, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Jodie Mitchell files this Original Complaint against Defendants Delek US Holdings, Inc. and Delek Logistics Partners, LP alleging wrongful discharge as a form of discrimination in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. (the "FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (the "ADA"), the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34 (the "ADEA"), and the Texas Commission on Human Rights Act, TEXAS LABOR CODE Ch. 21 (the "TCHRA"). Plaintiff requests equitable relief, damages, interest, and costs for Defendants' unlawful acts.

I.   PARTIES AND SERVICE

1.   Plaintiff Jodie Mitchell ("Plaintiff") is a resident of Denton County, Texas.

2.   Defendant Delek US Holdings, Inc. is a Delaware corporation headquartered doing business in the state of Texas. Delek US Holdings, Inc. may be served via its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701 or wherever it may be found.

3. Defendant Delek Logistics Partners, LP is a Delaware limited partnership. Delek Logistics Partners, LP engages in business in the State of Texas and maintains a regular place of business in Texas, but it has not designated an agent for service of process. Federal Rules of Civil Procedure 4(e)(1) and 4(h)(1)(A) authorize service of process in any manner allowed by Texas law. Pursuant to Texas Business Organizations Code § 5.251(1)(A), Delek Logistics Partners, LP can be served through the Texas Secretary of State at the following address: Service of Process, Secretary of State, James E, Rudder Building, 1019 Brazos, Room 105, Austin, Texas, 78701.

4. Defendant Ethan Alexander is a natural person residing in Bexar County. He may be served at 919 Rustic LGT, San Antonio, Texas 78260.

5. Ethan Alexander is the HR Manager of Delek US Holdings, Inc. and Delek Logistics Partners, LP.

6. Defendants Delek US Holdings, Inc. and Delek Logistics Partners, LP (collectively referred to as "Delek Defendants" or "Delek") share common ownership, management, administrative services, personnel, policies, and employment practices.

7. Plaintiff's employment offer letter was issued by Delek US Holdings, Inc., and Plaintiff did work on behalf of both entities and worked with employees of both entities as part of her job duties.

8. The Delek Defendants share an office at 7102 Commerce Way, Brentwood, TN 37021-2896, as well as a common office at 12700 Central Park Drive, Suite 1500, Dallas, Texas 75251.

9. With respect to Plaintiff's employment, the Delek Defendants also operate under the name "Delek Logistics Services LLC," including by issuing Plaintiff's W-2 under that name.

10. No record of "Delek Logistics Services LLC" being a registered entity in any state can be found.

11. The Delek Defendants are connected such that they can be considered a single, integrated enterprise or joint employer with respect to Plaintiff.

## II. JURISDICTION AND VENUE

12. This Court has jurisdiction pursuant to 28 U.S.C. §1331 because this matter involves controversies arising under the laws of the United States, including the FMLA, ADA, and ADEA. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

13. Venue is proper in the Northern District of Texas, under 28 U.S.C. § 1391(b)(1) and (2) because Defendant Alexander resides in this District and Delek Defendants regularly conduct business in this District.

14. Plaintiff timely dual-filed with the Texas Workforce Commission ("TWC") and Equal Employment Opportunity Commission ("EEOC") a "Charge of Discrimination" on September 2, 2020, alleging discrimination on the basis of race, color, national origin, age, disability, and retaliation. On September 20, 2021, Plaintiff received the EEOC's Notice of Dismissal and Right to File Civil Action (the "Right to Sue Letter"). This lawsuit is being filed within ninety (90) days of Plaintiff's receipt of the Right to Sue Letter.

15. All administrative prerequisites have been met or have expired.

## III. FACTUAL SUMMARY

16. Plaintiff, who is 56 years of age, began working at Delek in July 2017 at Delek's location at 12700 Central Park Drive, Suite 1500, Dallas, Texas 75251. On most days except audit days, Plaintiff worked from home.

17. Plaintiff was one of the first five employees to bring Delek to Texas, and she was promoted to Regulatory Compliance Analyst for her good work in June 2019.

18. Plaintiff consistently shifted her schedule to cover when her supervisor, Manager Regulator Compliance Roy Johnston, who is in his 60s, was on medical leave.

19. In spring 2019, Johnston returned from medical leave.

20. In May 2019, a Vice President at Delek told Plaintiff that Delek would soon be hiring Michael Sanders, who is in his 40s, because "Roy needed to take care of his health," indicating that Delek was intending to replace Johnston with the non-disabled, much younger Sanders.

21. From the beginning of her tenure, Plaintiff suffered from the disability of frozen shoulder, which interfered with Plaintiff's ability to complete major life activities, including, but not limited to, performing manual tasks, lifting, and bending.

22. For the entirety of her tenure, Plaintiff was a qualified individual with a disability, as she could perform the essential functions of her job with or without an accommodation.

23. On September 3, 2019, Plaintiff underwent surgery to release her frozen shoulder.

24. After Plaintiff returned from her FMLA-protected leave on or about October 21, 2019, she noticed that her co-workers had become curt and guarded.

25. For the next eight weeks after her return, Plaintiff worked to schedule her physical therapy appointments around her work schedule in order to minimize any disruptions to her job duties.

26. In fall 2019, Sanders took over Johnston's supervisory duties.

27. On December 5, 2019, Plaintiff underwent an additional medically necessary surgery to continue treatment for her frozen shoulder.

28. Throughout Plaintiff's leave, her co-workers and supervisors ignored the fact that she was on leave, and she continued to receive work-related questions from Delek employees as well as government agents, whom Mitchell's co-workers had directed to Mitchell despite her being on leave.

29. Plaintiff's recovery was stalled while she was on leave, as she could not recover as ordered by her doctor since the calls from co-workers and government agents required Plaintiff to continue to use her computer against her doctor's orders.

30. In January 2020, Plaintiff complained to HR Partner Ethan Alexander, who is in his late 40s, that she could not recover because she was still expected to do her job.

31. On January 31, 2020, Plaintiff submitted a doctor's note to Alexander for the reasonable accommodation of working full time from home in order to avoid driving long distances.

32. Alexander denied Plaintiff's accommodation request and stated that Delek expected Plaintiff to return to the office. Plaintiff reminded Alexander that she usually worked from home.

33. In response, Alexander stated that Sanders was concerned about Plaintiff working in the office more regularly.

34. Plaintiff was surprised, as she had spent the majority of her tenure under Johnston working from home with no performance issues, and she had frequently and successfully covered for Johnston during his medical leave, as Plaintiff was the most experienced member of the team.

35. Neither Alexander nor Sanders attempted to engage Plaintiff in an interactive dialogue about her accommodation, so Plaintiff requested a conference with Sanders and Alexander.

36. Plaintiff stated to Alexander via email that she needed to discuss her request, as she knew several others were allowed to work from home.

37. However, despite numerous texts, verbal requests, and emails, Alexander never scheduled a conference with Plaintiff, stating that Delek was too busy preparing for COVID-19 restrictions to have a conference call.

38. On March 3, 2020, Plaintiff emailed Alexander to ask for an update regarding her accommodation request to work from home.

39. In response, Alexander called Plaintiff and stated that Delek was concerned about "reinjury" on Plaintiff's behalf. Alexander gave Plaintiff no information about the origin of the concerns about reinjury.

40. On March 6, 2020, Alexander emailed Plaintiff and stated that because Plaintiff did not have "full release to return to work," Plaintiff would be terminated "effective 3/6."

41. Delek and Alexander terminated Plaintiff on the basis of her disability, her age, and in retaliation for requesting an accommodation and for taking leave protected by FMLA.

42. All conditions precedent have been performed or have occurred.

IV. **CAUSES OF ACTION**

**COUNT ONE:     VIOLATION OF THE FMLA AGAINST ALL DEFENDANTS**

43. Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

44. At all times relevant, the Delek was an "employer" of Plaintiff as defined by the FMLA.

45. When Plaintiff worked for Delek, she was an "eligible employee" as defined by the FMLA because Plaintiff was employed by Delek for over twelve months, she worked at least 1,250 hours over the twelve-month period preceding her termination, and Delek employed fifty or more employees at or within seventy-five miles of its office in Dallas, Texas, where Plaintiff worked and from which Plaintiff's work was assigned and to which she reported.

46. At all times relevant, Alexander had the authority to fire Plaintiff, and Alexander supervised and controlled the conditions of Plaintiff's employment with Delek, including with respect to take leave protected by the FMLA. Alexander therefore acted directly and indirectly in the interest of Delek with respect to Plaintiff's employment, and thus Alexander, individually, was an "employer" with respect to Plaintiff pursuant to § 2611(4)(A)(ii)(I).

47. Following Plaintiff's worsening of her disability of frozen shoulder, Plaintiff underwent surgery on September 3, 2019. On or about October 21, 2019, Mitchell was out of work to recover, which was approved by the Company as leave protected under the FMLA.

48. On December 5, 2019, Plaintiff underwent surgery to continue treatment for her disability of frozen shoulder and was on continuous protected leave until December 20, 2019.

49. The Company and Alexander allowed Plaintiff's co-workers as well as government agents to continue contacting Plaintiff during both of her FMLA leave periods, subsequently hindering her recovery.

50. When Plaintiff attempted to return to work from leave protected by the FMLA, Plaintiff was informed by Alexander that Delek was terminating Plaintiff's employment over concerns of "reinjury."

51. Defendants' actions were in order to interfere with, restrain, or deny the exercise or the attempt to exercise Plaintiff's rights under the FMLA, and/or to retaliate against Plaintiff for exercising her rights under the FMLA.

52. As a direct and proximate consequence of Defendants' violation, Plaintiff has suffered damages.

53. Plaintiff's damages include lost wages, salary, employment benefits, and other compensation.

54. Plaintiff seeks damages, liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), pre- and post-judgment interest, such equitable relief as may be appropriate, attorneys' fees, expert witness fees, if any, and costs of court.

**COUNT TWO:    DISCRIMINATORY DISCHARGE IN VIOLATION OF THE ADA AGAINST THE DELEK DEFENDANTS**

55. Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

56. Plaintiff has satisfied all jurisdictional prerequisites in connection with her claim under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA").

57. At all times relevant, Delek was an "employer" as defined by the ADA. Delek employed 15 or more employees for each working day in each of 20 or more calendar weeks in the current and preceding years.

58. When Plaintiff worked for Delek, she was an "employee" as defined by the ADA.

59. Plaintiff was able to perform her essential duties with the reasonable accommodation of working from home as she had done in the past, but the reasonable accommodation was denied by Delek.

60. Plaintiff's termination was on the basis of her disability in violation of the ADA, including by having a record of disability and/or being regarded as disabled such that Delek

claimed Plaintiff was unable to perform the essential functions of her job with or without a reasonable accommodation.

61. Plaintiff's termination was malicious or made with reckless indifference to her federally-protected rights.

62. As a direct and proximate consequence of Delek's violation, Plaintiff has suffered damages.

63. Plaintiff's damages include lost wages, past and future mental anguish, inconvenience, and loss of enjoyment of life.

64. Plaintiff seeks equitable relief, compensatory and exemplary damages, pre- and post-judgment interest, attorneys' fees, and costs.

**COUNT THREE: RETALIATORY DISCHARGE IN VIOLATION OF THE ADA AGAINST THE DELEK DEFENDANTS**

65. Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

66. After Plaintiff requested the reasonable accommodation of working from home, Delek retaliated against Plaintiff by terminating Plaintiff's employment.

67. Plaintiff's termination was on the basis of her accommodation request in violation of the ADA.

68. Plaintiff's termination was malicious or made with reckless indifference to her federally-protected rights.

69. As a direct and proximate consequence of Delek's violation, Plaintiff has suffered damages.

70. Plaintiff's damages include lost wages, past and future mental anguish, inconvenience, and loss of enjoyment of life.

71. Plaintiff seeks equitable relief, compensatory and exemplary damages, pre- and post-judgment interest, attorneys' fees, and costs.

**COUNT FOUR: FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA AGAINST THE DELEK DEFENDANTS**

72. Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

73. Plaintiff had a disability, within the meaning of the ADA, at the time that Delek denied Plaintiff's reasonable accommodation of working from home.

74. Plaintiff had a disability, within the meaning of the ADA, at the time that Delek terminated Plaintiff in order to avoid fulfilling Plaintiff's reasonable accommodation request to work from home.

75. Plaintiff was able to perform the essential duties of her position within the reasonable accommodation of working from home.

76. Delek denied Plaintiff's requests for reasonable accommodation without engaging in an interactive process with her.

77. Delek's actions as described above were malicious or made with reckless indifference to Plaintiff's federally-protected rights.

78. As a direct and proximate consequence of Delek's violation, Plaintiff has suffered damages.

79. Plaintiff's damages include past and future lost wages, past and future lost medical healthcare benefits, past and future mental anguish, inconvenience, and loss of enjoyment of life.

80. Plaintiff seeks damages, exemplary damages, pre- and post-judgment interest, attorneys' fees, and costs.

**COUNT FIVE:**     **DISCRIMINATORY DISCHARGE IN VIOLATION OF THE ADEA AGAINST THE DELEK DEFENDANTS**

81. Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

82. Plaintiff has satisfied all jurisdictional prerequisites in connection with her claim under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34 ("ADEA").

83. At all times relevant, Delek was an "employer" as defined by the ADEA. Delek employed 20 or more employees for each working day in each of 20 or more calendar weeks in the current and preceding years.

84. When Plaintiff worked for Delek, she was an "employee" as defined by the ADEA.

85. Plaintiff's discharge was because of her age in violation of the ADEA.

86. Plaintiff's discharge was malicious or made with reckless indifference to her federally-protected rights.

87. As a direct and proximate consequence of Delek's violation, Plaintiff has suffered damages.

88. Plaintiff's damages include lost wages, past and future mental anguish, inconvenience, and loss of enjoyment of life.

89. Plaintiff seeks damages, statutory liquidated damages, pre- and post-judgment interest, attorneys' fees, and costs.

**COUNT SIX:**     **DISCRIMINATORY DISCHARGE IN VIOLATION OF THE TCHRA AGAINST THE DELEK DEFENDANTS**

90. Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

91. Plaintiff has satisfied all jurisdictional prerequisites in connection with her claim under the Texas Commission on Human Rights Act, TEXAS LABOR CODE Ch. 21 (the "TCHRA").

92. At all times relevant, Delek was an "employer" as defined by the TCHRA. Delek employed 15 or more employees for each working day in each of 20 or more calendar weeks in the current and preceding years.

93. When Plaintiff worked for Delek, she was an "employee" as defined by the TCHRA.

94. Plaintiff's termination was on the basis of her age and disability in violation of the TCHRA.

95. Plaintiff's termination was malicious or made with reckless indifference to her state-protected rights.

96. As a direct and proximate consequence of Delek's violation, Plaintiff has suffered damages.

97. Plaintiff's damages include lost wages, past and future mental anguish, inconvenience, and loss of enjoyment of life.

98. Plaintiff seeks equitable relief, compensatory and exemplary damages, pre- and post-judgment interest, attorneys' fees, and costs.

**COUNT SEVEN:   RETALIATORY DISCHARGE IN VIOLATION OF THE TCHRA AGAINST THE DELEK DEFENDANTS**

99. Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

100. After Plaintiff requested a reasonable accommodation to work from home, Delek retaliated against Plaintiff by terminating her employment.

101. Plaintiff's termination was on the basis of her request for accommodation in violation of the TCHRA.

102. Plaintiff's termination was malicious or made with reckless indifference to her state-protected rights.

103. As a direct and proximate consequence of Delek's violation, Plaintiff has suffered damages.

104. Plaintiff's damages include lost wages, past and future mental anguish, inconvenience, and loss of enjoyment of life.

105. Plaintiff seeks equitable relief, compensatory and exemplary damages, pre- and post-judgment interest, attorneys' fees, and costs.

## V. JURY DEMAND

106. Plaintiff demands a jury trial and has tendered the appropriate fee.

## VI. PRAYER

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Issue summonses for Defendants to appear and answer;

B. Award to Plaintiff a judgment against Defendants for:

1. Equitable relief, including lost wages and benefits (both past and future), the sum to be determined at time of trial;

2. Compensatory, liquidated, and exemplary damages in the maximum amount permitted by law;

3. Pre- and post-judgment interest;

4. Attorneys' fees;

5. Expert witness fees and other litigation expenses;

6. Costs.

Plaintiff further requests such other relief to which he/she is entitled in law or in equity.

        Respectfully Submitted,

        */s/ Jennifer J. Spencer*
        Jennifer J. Spencer
        Texas Bar No. 10474900
        jspencer@jacksonspencerlaw.com
        James E. Hunnicutt
        Texas Bar No. 24054252
        jhunnicutt@jacksonspencerlaw.com
        JACKSON SPENCER LAW PLLC
        Three Forest Plaza
        12221 Merit Drive, Suite 160
        Dallas, Texas 75251
        (972) 458-5301 (Telephone)
        (972) 770-2156 (Fax)

        **ATTORNEYS FOR PLAINTIFF**
        **JODIE MITCHELL**